UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CA 08 194 ML

| | |
|---|---|
| NATIONAL AUTOMATIC SPRINKLER INDUSTRY APPRENTICE AND TRAINING FUND,<br><br>Plaintiff,<br><br>- vs -<br><br>ATLANTIC FIRE PROTECTION, LLC<br><br>Defendant. | COMPLAINT TO RECOVER UNPAID CONTRIBUTIONS UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 AND FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT<br><br>[29 U.S.C. § 185(a) § 1132(e)(1)] |

Plaintiff the National Automatic Sprinkler Industry Apprentice and Training Fund ("Fund") complains and alleges:

JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, § 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter, "ERISA") [29 U.S.C. § 1132(e)(1)] and § 301 of the Labor-Management Relations Act (hereinafter "LMRA") [29 U.S.C. § 185(a)]. This is an action by the Fund for breach of a collective bargaining agreement between an employer and a labor organization representing employees in an industry affecting commerce and is also an action to enforce § 515 of ERISA [29 U.S.C. § 1145].

2. Venue is based on the location of the office in which the Defendant is located, which is in the District of the State of Rhode Island. As such, venue is appropriate under § 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)].

PARTIES

3. The Fund is an "employee welfare benefit plan" within the meaning of § 3(2) of ERISA, 29 U.S.C. § 1002(37)(A) in that it was created pursuant to a written trust agreement ("Trust Agreement") between the National Fire Sprinkler Association, Inc., the successor to National Automatic Sprinkler and Fire Control Association, Inc. ("Association") and Sprinkler Fitters and Apprentices Local Union No. 281, Chicago, of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada ("Union"), and was established to develop an efficient and cost-effective mechanism to collect and invest employer contributions to fund apprentice, training, and education programs.

4. The Fund is a "multiemployer plan" within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A) in that more than one employer is required to contribute to the Fund and the Fund is maintained under collective bargaining agreements between various employers and unions.

5. The Fund financially supports union-sponsored apprentice and training programs throughout the country, and thus it affects commerce within the meaning of § 302 of the LMRA.

6. The Fund is informed and alleges that Atlantic Fire Protection, LLC, (herein the "Defendant") is a company operating under the laws of Rhode Island. Defendant is an "employer" within the meaning of § 3(5) of ERISA, 29 U.S.C. § 1002(5) and § 501(1) of the LMRA, 29 U.S.C. § 142. As such, Defendant is an employer as that term is used in §301(a) of the LMRA, 29 U.S.C. § 185(a).

7. During all times relevant herein, Defendant was bound by the terms and conditions of the Trust Agreement. Further, Defendant was a signatory to a collective bargaining agreement that required contributions to the Fund (the "Agreement"). Thus, at all times material

herein, Defendant was obligated under the terms and provisions of the Trust Agreement and the Agreement.

8. Under the Trust Agreement, Defendant must pay legal and auditing costs incurred in connection with its delinquencies, whether before or after litigation is commenced. The reasonable cost of the audit will be determined at trial.

FIRST CAUSE OF ACTION

(Breach of Collective Bargaining Agreement,
Trust Agreement and ERISA -- Failure to Make Trust Fund Contributions)

9. Plaintiff incorporates by reference each allegation contained in Paragraphs 1 through 8 as though fully set forth herein.

10. Under the Agreement, Defendant is under an obligation to make certain contributions to the Fund based on the hours worked by covered employees.

11. The Fund commenced a payroll audit of Defendant covering the period of December 31, 2004 to May 31, 2007.

12. By letter dated March 27, 2008, the Fund issued a report of audit findings to Defendant indicating that $6,027.83 in unpaid contributions were due to the Fund.

13. To date, Defendant has failed and refused to make any payments of contributions due to the Fund.

14. Under the Trust Agreement, and Section 502(g)(2) of ERISA, Title 29 U.S.C. § 1132(g)(2), if a Defendant fails to pay contributions when due, they are considered delinquent and must pay the Fund the total amount of unpaid contributions due, with interest, and liquidated damages for each delinquency.

15. The Fund has been forced to engage counsel to collect all amounts due. Under the Trust Agreement, and Section 502(g)(2) of ERISA Title 29 U.S.C. § 1132(g)(2), the Fund is

entitled to their reasonable attorneys' fees and costs of the action in an amount to be established by proof at trial.

16. Under Section 502(g)(2) of ERISA, Title 29 U.S.C. § 1132(g)(2) and the Trust Agreement, Defendant owes the Fund interest on unpaid contributions from the dates the sums were originally due to the Fund and continuing until the date such sums are paid. The amount of interest owed on the unpaid contributions will be established by proof at trial.

WHEREFORE, the Fund prays for judgment against Defendant, as follows:

1) for all unpaid contributions due to the Fund in the amount to be determined at trial;

2) for liquidated damages in an amount to be determined at trial;

3) for unpaid audit fees in an amount to be determined at trial;

4) for interest on unpaid contributions in an amount to be determined at trial;

5) for reasonable attorneys' fees and costs of this action incurred by the Fund; and

6) for such additional relief as this Court deems just and proper.

DATED: May 19, 2008

NATIONAL AUTOMATIC SPRINKLER
APPRENTICE AND TRAINING FUND
By Its Attorneys,

NIXON PEABODY LLP

Stacie Boeniger Collier (#6059)
One Citizens Plaza, Suite 500
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (fax)
sbcollier@nixonpeabody.com